IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BERTHENA NUNN, *et al*                                                                                           PLAINTIFFS

vs.                                             Civil No. 1:10-cv-1063

ARKANSAS DEPARTMENT OF
HUMAN SERVICES, *et al*                                                                                       DEFENDANTS

# REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is Defendants' Motion to Dismiss the Complaint. ECF No. 2. Plaintiffs filed a response to this Motion. ECF No. 10. The Defendants have filed a reply to Plaintiffs' response. ECF No. 12. A hearing was held on this Motion on February 23, 2011. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), this Motion was referred to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

**1. Background**

Plaintiffs, Berthena Nunn, Kidsquest, Inc., Wanda Jackson and Neighborhood Community Outreach, Inc. have brought this action seeking relief on allegations of violations of the Equal Protection Clause, the Due Process Clause, and the Individuals with Disabilities Education Act ("IDEA"). Plaintiffs also seek relief through 42 U.S.C. § 1983. ECF No. 1. Plaintiffs have named as Defendants the Arkansas Department of Human Services, John Selig his official capacity as Director of the Arkansas Department Of Human Services, and James Green in his official capacity as the Director of the Division of Developmental Disabilities of the Arkansas Department of Human Services ECF No. 1. Defendants seek to dismiss all of Plaintiff's claims pursuant to FED. R. CIV.

1

P. 12(b)(6). ECF No. 2.

Plaintiffs are alleged to be providers of early childcare intervention services pursuant to the Individuals with Disabilities Education Act, Part C, 20 U.S.C. § 1431. Plaintiff allege Defendants treated them differently than white service providers by refusing to pay for services provided and interfering in their relationships with the parents of special needs children. ECF No. 1.

**2. Applicable Law**

The Defendants contend that the Plaintiffs' pleading is deficient pursuant to the Supreme Court's rulings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*,___ U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(quoting *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (quoting *Iqbal*, 129 S. Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

However, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal,* 129 S.Ct. at 1949, (quoting *Twombly*, 550 U.S. at 570). A pleading that merely pleads "labels and conclusions," or a

"formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of factual enhancement will not suffice. *Id.* Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950.

**3. Discussion**

Defendants seeks to dismiss Plaintiff's claims and argues as follows: (1) Plaintiffs' claims for damages against the Arkansas Department of Human Services, and John Selig and James Green in their official capacities, are barred by sovereign immunity; (2) all claims against Arkansas Department of Human Services for injunctive relief are barred by sovereign immunity; (3) Plaintiffs failed to state a claim for prospective injunctive relief as to John Selig and James Green; (4) Part C of the IDEA provides Plaintiffs no §1983 private right of action; and (5) this Court lacks subject-matter jurisdiction to hear the individual claims of Plaintiffs Nunn and Jackson because each lacks standing to bring her respective claims. ECF No. 3.

**A. Sovereign Immunity**

Defendants argue they are entitled to sovereign immunity. ECF No. 3, Pgs. 2-4. According to Defendants, Arkansas Department of Human Services is an executive agency of the State of Arkansas. *See* Ark. Code Ann. § 25-10-101 *et seq*. Each division within the Department is under the direction, control, and supervision of the Director, who is charged with determining the responsibilities and program assignments of the various divisions. *See* Ark. Code Ann. §25-10-102(b)(1)(a). ECF No. 3, Pg. 2-3.

As Defendants correctly argue, the Eleventh Amendment of the United States Constitution prohibits an individual from suing a state or a state agency in federal court for damages. *See Papasan v. Allain*, 478 U.S. 265, 276 (1986). Furthermore, the Eleventh Amendment bars a suit

3

against state officials when sued in their "official capacities." An action for damages against a state official in their "official capacity" is a suit against the state. *See Brandon v. Holt,* 469 U.S. 464, 471 (1985).

Plaintiffs' only response was an argument that Defendants' sovereign immunity under the Eleventh Amendment had been waived. ECF No. 11, Pg. 2. Specifically, Plaintiffs argue the State of Arkansas waived its defense of sovereign immunity under the Eleventh Amendment for IDEA claims. *See Bradley v. Ark. Dep't of Educ.*, 189 F.3d 745, 750-54 (8th Cir. 1999). Plaintiffs argue the *Bradley* ruling held that the State of Arkansas waived its immunity regarding IDEA claims by participating in the IDEA's federal spending program. ECF No. 11, Pg. 2.

Plaintiffs' reliance on *Bradley* is misplaced. To begin with, *Bradley* was a case brought by the parents of a child with disabilities, seeking review of the child's Individualized Education Plan ("IEP"). Plaintiffs' claims in this matter are brought by service providers pursuant to 42 U.S.C. § 1983. The Court in *Bradley* noted that the District Court found the Eleventh Amendment prevented them from exercising jurisdiction over the Plaintiffs' § 1983 claims that were brought by Plaintiffs. However, that ruling was not appealed and was not before the Court in *Bradley*. *Id.* at 749. Furthermore, the Court noted that the Plaintiffs in *Bradley* were not seeking compensatory or punitive damages, as damages are not available for violations of the IDEA. *Id.* at 754. Plaintiffs are seeking both compensatory and punitive damages in this matter. ECF No. 1, Pg. 8.

Based on the forgoing, this Court recommends that Plaintiffs' claims against Defendants be barred based on a finding of sovereign immunity. This includes Plaintiffs' claims for compensatory damages, punitive damages, and retroactive damage relief based on Plaintiffs' claim for an

accounting and payment of damages alleged to be due for past payments.[1]

### B. Plaintiffs' Claims For Prospective Injunctive Relief

Plaintiffs' claim for prospective injunctive relief against Defendant Arkansas Department of Human Services are prohibited by sovereign immunity. Though state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment, the same does not extend to states or to state agencies. *Monroe v. Arkansas State University*, 495 F.3d 591 (8th Cir. 2007). As a result, Plaintiffs' claim for prospective injunctive relief against Defendant Arkansas Department of Human Services should be dismissed as they are barred by sovereign immunity.

However, as previously discussed, when sued for prospective injunctive relief, state officials in their official capacities are considered "persons" under §1983, and such relief is not barred by the Eleventh Amendment. *See Murphy v. Arkansas,* 127 F.3d 750, 754 (8th Cir. 1997). As a result, Defendants John Selig and James Green are not entitled to sovereign immunity for Plaintiffs' claims for prospective injunctive relief.

Defendants Selig and Green ("Individual Defendants"), argue Plaintiffs' claims for prospective injunctive relief should be dismissed based a failure to state a claim for relief. The Individual Defendants claim the Plaintiffs' pleading is deficient pursuant to the Supreme Court's rulings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*,___ U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Plaintiffs seek, among other things, prospective injunctive relief for alleged violations of the

---

[1] However, when sued for prospective injunctive relief, state officials in their official capacities are considered "persons" under §1983, and such relief is not barred by the Eleventh Amendment. *See Murphy v. Arkansas,* 127 F.3d 750, 754 (8th Cir. 1997). Plaintiffs' claim for prospective injunctive relief will be discussed separately.

Equal Protection and Due Process clauses. In Plaintiffs' Complaint, they allege they were treated differently from predominately white providers in payment of bills for reasons that were pretextual. Plaintiffs also allege the Defendants sought to undermine the delivery of services by encouraging parents to seek services from other providers which were predominantly white; induce parents to obtain substitute service providers; and made false representations of Plaintiffs' ability to deliver services. ECF No. 1, Pgs. 3-4. The Complaint further alleges that Defendants' actions disfavor African-American service coordinators and favor Caucasian service coordinators or providers for no legitimate reason. ECF No. 1, Pg. 4. Additionally, Plaintiffs allege Defendants tend to encourage Caucasian administrators to establish competing businesses and then favor those by providing them with an unequal business advantage. ECF No. 1, Pgs. 4-5.

Based upon these factual allegations, this Court finds the Plaintiffs have met the required burden of stating a claim upon which relief can be granted in accordance Rule 8(a) and the holdings of *Iqbal* and *Twombly*. Accordingly, this Court finds Plaintiffs have properly stated a claim for prospective injunctive relief for alleged violations of the Equal Protection and Due Process clauses as it relates to the actions of the Individual Defendants.

### C. Plaintiff's Cause of Action Under IDEA

Defendants argue Plaintiffs have failed to state any claim arising from IDEA because the Plaintiffs, Kidsquest, Inc., and Neighborhood Community Outreach, Inc. as Early Intervention Program service providers, have no § 1983 right of action to enforce the provisions of the IDEA. Defendants allege this bar also applies to the individual Plaintiffs Berthena Nunn and Wanda Jackson to the extent that they also are deemed to be service providers. ECF No. 3, Pgs. 5-9.

As discussed by Defendants, it is still unclear in the Eighth Circuit of whether a child with disabilities and their parents have a private cause of action under § 1983 to enforce a claim under

6

Part C of the IDEA.  In *D.L. v. Waukee Community School Dist.* 578 F.Supp.2d 1178, 1187 (S.D. Iowa 2008) the court found the Eighth Circuit's decision in *Heidemann v. Rother*, 84 F.3d 1021, 1033 (8th Cir. 1996) "impliedly overruled" a prior holding that § 1983 claims can enforce rights protected by IDEA.  The court in *Heidemann v. Rother*, 84 F.3d 1021, 1033 (8th Cir. 1996) ruled that a minor child and her mother could not seek general and punitive damages in a § 1983 action based upon alleged violations of the IDEA.  However, what is clear is that there is no case law in the Eighth Circuit which finds that a cause of action exists for "service providers" to enforce Part C of IDEA.

It is Defendants' position that assuming a private right of action exists under the IDEA, it is limited to a child with disabilities and their parents.  In support of this argument they point to other courts findings in agreement including; *Asbury Park Bd. of Ed. v. Hope Academy Charter School,* 278 F.Supp.2d 417, 421-22 (D.N.J. 2003) (declining to find an implied right of action for school district): *see also Lawrence Township Bd. of Education v. New Jersey*, 417 F.3d 368, 371 (3d Cir. 2005) ("[statutory language] strongly suggests that Congress intended to provide a private right of action only to disabled children and their parents"); and, *Ryan v. Shawnee Mission U.S.D.* 512, 416 F.Supp.2d 1090, 1097-98 (D. Kan. 2006) (right of action under IDEA does not extend beyond the disabled child or their parents).

The Ninth Circuit in *Lake Washington School District v. Office of Superintendent of Pubic Instruction*, 634 F. 3d 1065 (9th Cir. 2011) also found no private right of action under the IDEA, except for disabled children and parents. *Id.* at 1068.  The Court in *Lake Washington* also discussed that several other circuits including the Second, Third, Seventh, and Eleventh have also held similarly that a private right of action under the IDEA does not exist for those other than disabled children and their parents.  *Id*. at 1068.

In support of their argument of the existence of a private right of action, Plaintiffs suggest authority for such is found in *Family & Children's Center, Inc., v. School City of Mishawaka*, 13 F. 3d 1052 (7th Cir. 1994). The Court in *Mishawaka* did allow for a private child care facility to pursue a cause of action under IDEA, however is was based upon legislation enacted by the State of Indiana which allowed third parties to bring suit.

The reasoning given in *Mishawaka* was as follows:

> ….Congress gave no indication of forbidding a state from providing greater protection for the rights of the children. By enacting 511 [Indiana Administrative Code] 7-15-4, which permits "any individual, group of individuals, agency, or organization" to file a complaint alleging the violation of federal laws that apply to special education, like the IDEA, the Indiana legislature has complied fully with the dictates of § 1415(b). In other words, the Indiana legislature has invited [the service provider] to initiate the state administrative process required by § 1415(b) as a condition of federal assistance for the education of Indiana's children with disabilities. And the IDEA clearly authorized Indiana to do so.

*Id.,* 13 F.3d at 1060.

*Mishawaka* is distinguishable based on the specific Indiana regulation that allowed service providers to bring actions based on violations of the IDEA. Indiana elected to provide for greater due process hearing regulations than were provide for under the federal statute. There is no regulation enacted by the Arkansas legislature or the Department of Human Services which would allow for service providers to bring IDEA actions on the part of disabled children.

Based on the forgoing, this Court recommends that Plaintiffs' claims against Defendants based upon alleged violations of the IDEA be dismissed as Plaintiffs have no private right of action under the IDEA.

### D. Individual Claims of Plaintiffs Nunn and Jackson

Defendants argue neither individual Plaintiff Nunn or Jackson have standing to pursue the

present claim. ECF No. 3, Pgs. 10-11. Plaintiffs did not respond to this argument in their brief and counsel for Plaintiffs conceded this point during the hearing on this matter.

Defendants Kidsquest, Inc., and Neighborhood Community Outreach, Inc are "persons" under § 1983 and can generally make claims in their own right. The individual Plaintiffs, however, cannot bring civil rights actions to vindicate the asserted § 1983 rights of these corporations. Plaintiff Nunn is described as a "principle owner" of Defendant Kidsquest, Inc. and Plaintiff Jackson is described as an employee of Defendant Neighborhood Community Outreach, Inc. ECF No. 1, Pgs. 1-2. A corporation is a legally separate entity as a matter of law, and its owners and stockholders cannot bring suit in their own name to vindicate the rights of the corporation. *See Potthoff v. Morin*, 245 F.3d 710, 716 (8th Cir. 2001).

Based on the forgoing, this Court recommends that the individual claims of Plaintiff Nunn and Jackson be dismissed based on lack standing to pursue such a cause of action.

### 4. Conclusion

Accordingly, based upon the foregoing, this Court recommends Defendants' Motion to Dismiss (ECF No. 2) be **GRANTED IN PART and DENIED IN PART.** This Court recommends the Motion be **GRANTED** as to the Defendants entitlement to Sovereign Immunity and all of Plaintiffs' claims for compensatory damages, punitive damages, and retroactive damage relief based on Plaintiffs' claim for an accounting and payment of damages alleged to be due for past payments against them should be dismissed as a matter of law. This Court recommends the Motion be **GRANTED** as to the Defendant Arkansas Department of Human Services entitlement to Sovereign Immunity for Plaintiffs' claim for perspective injunctive relief and that claim should be dismissed as a matter of law. This Court recommends the Motion be **DENIED** as to Plaintiffs' claim for

prospective injunctive relief against the Individual Defendants John Selig and James Green.  This Court recommends the Motion be **GRANTED** as to Plaintiffs' claims against Defendants based upon alleged violations of the IDEA as Plaintiffs have no private right of action under the IDEA.  This Court recommends the Motion be **GRANTED** as to individual claims of Plaintiff Nunn and Jackson and that their claims be dismissed in total based on lack standing to pursue such any cause of action in this matter.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 6th day of July, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE