IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KIDSQUEST, INC                                                                                          PLAINTIFF

vs.                                       Case No. 1:10-cv-01063

JOHN SELIG IN HIS OFFICIAL CAPACITY
AS DIRECTOR OF THE ARKANSAS
DEPARTMENT OF HUMAN SERVICES, *et al.*                                                  DEFENDANTS

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On July 5, 2012, Defendants, John Selig, in his official capacity as Director of the Arkansas Department of Human Services, and James Green, in his official capacity as Director of the Division of Developmental Disabilities Services (DDS) of the Arkansas Department of Human Services, filed a Motion for Summary Judgment. ECF No. 26.[1]  On July 30, 2012, Plaintiff, KidsQuest, Inc. filed its response.  ECF No. 32.  This motion was referred to this Court by the Honorable Susan O. Hickey pursuant to 28 U.S.C. § 636(b)(1) for the purpose of making a report and recommendation.

**1. Background**:

In the Original Complaint, Kidsquest, Inc., Berthena Nunn, Wanda Jackson and Neighborhood Community Outreach, Inc. sought relief on allegations of violations of the Equal Protection Clause, the Due Process Clause, and the Individuals with Disabilities Education Act ("IDEA").  The parties also sought relief through 42 U.S.C. § 1983. ECF No. 1. Those named as Defendants were the Arkansas Department of Human Services ("DHS"), John Selig his official

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."

capacity as Director of the Arkansas Department Of Human Services, and James Green in his official capacity as the Director of the Division of Developmental Disabilities of the Arkansas Department of Human Services. *Id.*

The parties alleged racial discrimination by Defendants in the administration of the IDEA Part C Early Intervention Program for developmentally-delayed eligible children ages birth to three years claiming that as African-American individuals and minority-operated corporations enrolled as service providers in the IDEA Early Intervention Program, they were treated differently from predominately, though not exclusively, Caucasian Developmental Day Treatment Clinic Services "DDTCS" program "center-based" providers. ECF No. 1.

On August 30, 2010, The Defendants filed a Motion To Dismiss the Complaint. ECF No. 2. On August 18, 2011, this Court entered an Order which granted in part and denied in the part this Motion. ECF No. 16. The Order dismissed (1) Plaintiff's IDEA claims, (2) the individual claims of Berthena Nunn and Wanda Jackson, (3) the claims against DHS, and (4) Plaintiff's claims for accounting, damages, punitive damages and retroactive damages. *Id.* This Order denied the Motion as to the Equal Protection and Due Process claims by KidsQuest and Neighborhood Community Outreach, Inc. *Id.*

On May 11, 2012, the Court entered an Order granting the voluntary dismissal of Neighborhood Community Outreach, Inc. ECF No. 24. As a result, only Plaintiff KidsQuest's Equal Protection and Due Process claims against John Selig and James Green in their official capacities remain in this matter.

With this current Motion, Defendants assert there are no issues of fact in support of KidsQuest's claims made in the Complaint. ECF No. 26. Defendants argue Plaintiff lacks evidence

-2-

to sustain the claims made in the Complaint. As to Plaintiff's Equal Protection claim, Defendants' contend Plaintiff, an Early Intervention Program provider, is not similarly situated to the group of center-based DDTCS Program providers, and has been treated the same as all similarly situated Early Intervention Program providers. As to Plaintiff's Due Process claim, Defendants contend Plaintiff lacks evidence of any protected property interest violated by government action, nor any arbitrary government deprivation. ECF No. 27.

## 2. Applicable Law:

The standard of review for summary judgment is well established. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *See Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Genuine issues of material fact exist when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson,* 477 U.S. at 249. A party opposing a motion for summary judgment "may not rest upon mere allegations or

denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

**3. Discussion:**

    **A. Equal Protection Claims**

The Equal Protection Clause generally requires the government to treat similarly situated people alike. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). "Dissimilar treatment of dissimilarly situated persons" does not violate the Equal Protection Clause. *Klinger v.. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir.1994). Therefore, the first step in evaluating an equal protection claim is determining whether Plaintiff has demonstrated they were treated differently than others who were similarly situated to them. *Arnold v. City of Columbia, Missouri*, 197 F.3d 1217, 1220 (8th Cir.1999). Absent a threshold showing that Plaintiff is similarly situated to those who allegedly receive favorable treatment, the Plaintiff does not have a viable equal protection claim. *Anderson v. Cass County, Mo.* 367 F.3d 741, 748 (8th Cir. 2004).

This Court agrees with Defendants that the material facts do not show disparate treatment of similarly situated providers. The Statement of Undisputed Facts (ECF No. 28) and Plaintiff's Response To Statement of Undisputed Facts (ECF No. 31) set forth the following undisputed facts which support a finding that Plaintiff has failed to establish they are similarly situated to those who allegedly receive favorable treatment:

    1.    KidsQuest's references to "center-based" programs in the Complaint are to Developmental Day Treatment Clinic Services ("DDTCS") Programs. ECF No. 31, #21.

2. The "Caucasian providers" referenced in the Complaint mean the DDTCS providers but also include African-American operated "center-based" DDTCS Program providers. ECF No. 31, #21.

3. KidsQuest is an IDEA Part C Early Intervention Program provider and is not a DDTCS Program provider. ECF No. 31, #25.

4. KidsQuest does not provide DDTCS. ECF No. 31, #26.

5. DDTCS Program services are provided at a "center". ECF No. 31, #27.

6. KidsQuest is not a center-based program provider. ECF No. 31, #28.

7. A "center-based" program is different from the Early Intervention Program. ECF No. 31, #29.

8. DDTCS Program services are not part of the Early Intervention Program. ECF No. 31, #30.

9. The eligibility requirements of the DDTCS Programs are different from the eligibility requirements of the Early Intervention Programs. ECG No. 31, #33.

10. DDTCS center treatment services are for children who have at least two developmental delays. ECF No. 31, #34.

11. KidsQuest and Early Intervention Program services are for children with one developmental delay. ECF No. 31, #35.

12. Children admitted into DDTCS centers frequently require speech therapy, occupational therapy and physical therapy based upon individual need. ECF No. 31, #36.

13. KidsQuest is not certified to provide speech therapy, occupational therapy or physical therapy. ECF No. 31, #37.

14. Children served by KidsQuest in the Early Intervention Program suffer from delays that are less severe than those in DDTCS clinics.  ECF No. 31, #38.

15. All DDTCS Program providers must be non-profit corporations.  ECF No. 31, #45.

16. KidsQuest is a for profit corporation.  ECF No. 31, #46.

17. The Early Intervention Program allows only one hour per week of developmental therapy absent documented justification for the need for additional hours.  ECF No. 31, #57.

18. Per policy, one hour per week is the DDS guideline amount for Early Intervention developmental therapy services.  ECF No. 31, #58.

19. The DDTCS program allows 5.5 hours per day of developmental day treatment automatically.  ECF No. 31, #60.

Plaintiff in their response only argue "the similarity that binds all of these providers is that they provide developmental services to children from birth to three-years old." ECF No. 33, Pg. 5. Plaintiff also argues "all of these providers receive Medicare funding and must abide by these regulations." *Id.*

It is clear, based on the undisputed facts, that Kidsquest is not similarly situated to the group of center-based DDTCS Program providers they claim to have been treated differently from.  These two providers do not provide the same services, have different eligibility requirements, treat different children, provide services at different locations, and have a different corporate structure.

Because different treatment of dissimilarly-situated parties does not violate the Equal Protection clause, summary judgment should be granted for Defendants on Plaintiff's Equal Protection claims. *See Anderson v. Cass County, Mo.* 367 F.3d 741, 748 (8th Cir. 2004).

### B. Due Process Claim

The Due Process Clause of the Fourteenth Amendment prohibits governments from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. This clause has two components: procedural due process and substantive due process. *County of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998). Although Plaintiff's Complaint did not set forth whether their due process cause of action was a substantive due process or a procedural due process claim, in their Response In Opposition To Motion For Summary Judgment, Plaintiff's argue they were denied procedural due process. ECF No. 33, Pg. 6.

Procedural due process claims require a two-step analysis. Initially, a Plaintiff must demonstrate that the state deprived him of some "life, liberty, or property" interest. If successful, the Plaintiff must then establish that the state deprived him of that interest without sufficient "process." *Krentz v. Robertson*, 228 F. 3d 897 (8th Cir.2000).

Defendants initially argue Plaintiff has failed to establish a violation of a valid property interest right. ECF No. 27, Pgs. 24-29. It has been established that "[t]he Fourteenth Amendment's procedural protection of property is a safeguard of the security interests that a person has already acquired in specific benefits." *Board of Regents v. Roth*, 408 U.S. 564, 576 (1972). "Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id*. at 577. This Court finds it appropriate for the Plaintiff to base their procedural due process claim on a claimed right of being a provider of early childcare intervention services.

A procedural due process claim focuses not on the merits of a deprivation, but on whether the State circumscribed the deprivation with constitutionally adequate procedures. *See Parrish v. Mallinger*, 133 F.3d 612, 615 (8th Cir.1998). According to Plaintiff, they were denied procedural due process based upon the following evidence: (1) KidsQuest did not receive any notice prior to 2007 that it was out of compliance with DHS regulations, (2) DHS allowed persons with authority to approve agency payments to establish new rules while bypassing the lawful rule making process, and, (3) Whenever a complaint was made against Kidsquest, DHS did not share it with KidsQuest. DHS failed to notify KidsQuest that an investigation would ensue from the complaint. By contrast, other providers were given the opportunity to resolve issues raised by the complainant before the investigation was initiated, which denied KidsQuest procedural due process. KidsQuest was not even informed by DHS when an investigation cleared it of any violations. ECF No. 33, Pgs. 6-7.

Plaintiff has submitted proper summary judgment evidence, in the form of deposition testimony from Michael McMillan (ECF No. 32-1, Pgs. 26-27) and Nancy Yarbrough (ECF No. 32-3, Pgs. 12-16, 70-72, 74, 78-82), in support of their claim that Defendants denied Plaintiff procedural due process. According to Michael McMillian, Assistant Director of the Division of Developmental Services at DHS, Plaintiff did not receive any notice, prior to 2007, that it was out of compliance with any particular standard. ECF No. 32-1, Pgs. 26-27.

DHS employee Nancy Yarbrough provided deposition testimony in support of two areas in support of Plaintiff's claims. To begin with, according to Ms. Yarbrough, DHS allowed those in authority over agency payments and authorizations to establish new rules, or interpretation of rules, while avoiding the proper rule making process and promulgation. ECF No. 32-3, Pgs. 12-16. Additionally, Ms. Yarbrough provided testimony indicating Plaintiff was not informed about

complaints or investigations that formed the basis of complaints. However, other providers had been given opportunities to resolve issues raised by complaints before an investigation was initiated. Finally, Plaintiff was not informed of the results of investigations conducted by Defendants. ECF No. 32-3, Pgs. 70-72, 74, 78-82.

The burden of proof is on the moving party to set forth the basis of its motion. *Donovan v. Harrah's Maryland Heights Corp.*, 289 F .3d 527, 529 (8th Cir.2002). The Court must view all facts and inferences in the light most favorable to the nonmoving party. *Id*. If a Plaintiff has the burden of proof at trial on a claim and the Defendant has filed a motion for summary judgment, the Plaintiff must identify admissible evidence sufficient to make a submissible case at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If the Plaintiff cannot identify such facts, the Defendant is entitled to judgment as a matter of law. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990).

In considering all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the Plaintiff, it appears Plaintiff has alleged facts which show Defendants' failure to follow their own policies and procedures. The government's failure to follow its own ordinances or regulations may constitute a deprivation of property without due process. *See Derrickson v. Board of Educ*., 703 F.2d 309, 315 (8th Cir.1983). It is clear from the materials before the court that a genuine issue of material fact exists regarding whether Plaintiff was denied due process.

### 4. Conclusion:

Based on the forgoing, it is recommended that Defendants' Motion for Summary Judgment (ECF. No. 26) be **GRANTED** as to Plaintiff's equal protection claims and **DENIED** as to Plaintiff's due process claims.

The parties have agreed to ten (10) days from receipt of this Report and Recommendation in which to file written objections. The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **11th day of September 2012.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE