IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KIDQUEST, Inc.                                                                                          PLAINTIFF

VS.                                         CASE NO. 1:10-cv-1063

JOHN SELIG, in his official capacity as Director
of the Arkansas Department of Human Services; and
DR. JAMES GREEN, in his Official Capacity as
Director of the Division of Developmental Disabilities
of the Arkansas Department of Human Services                                    DEFENDANTS

**MEMORANDUM OPINION**

Before the Court is the Report and Recommendation filed September 11, 2012 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 38). Judge Bryant recommends that Defendants John Selig and Dr. James Green's Motion for Summary Judgment (ECF No. 26) be granted in part and denied in part. Specifically, Judge Bryant recommends that Plaintiff's remaining equal protection claims be dismissed and that Plaintiff's due process claims proceed to trial. All parties have filed objections to the Report and Recommendation. (ECF Nos. 39-40).[1] After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation in part.

**I. Plaintiff's objections to summary judgment on its equal protection claims**

Plaintiff KidQuest, Inc. is a child care agency licensed by the Arkansas Department of Human Services ("DHS") to provide early childcare intervention services. Plaintiff alleges that DHS leadership violated the Equal Protection clause by treating similarly situated Caucasian service

---

[1] Plaintiff's Individuals with Disabilities Education Act claims and claims for accounting, damages, punitive damages, and retroactive damages were previously dismissed by the Court. (ECF No. 16). Plaintiff's equal protection claims, due process claims, and claims for prospective injunctive relief against Defendant John Selig and Defendant James Green are all that remain.

providers more favorably than Plaintiff, a service provider with primarily African-American leadership. Judge Bryant recommends granting summary judgment on Plaintiff's equal protection claims because Plaintiff failed to identify similarly situated white providers who were treated differently. *See Anderson v. Cass County, Mo*. 367 F.3d 741, 748 (8th Cir. 2004). Judge Bryant found that the Developmental Day Treatment Clinic Services ("DDTCS") Programs or "center based" providers that Plaintiff sought to compare itself with were too dissimilar in terms of services provided, types of disabilities treated, eligibility requirements, and corporate structure.

Plaintiff objects to Judge Bryant's recommendation by repeating many of the same factual allegations and arguments contained in its brief in opposition to Defendants' Motion for Summary Judgment. Plaintiff argues that "[t]he similarities between early intervention providers and DDTCS or 'center based' providers are more significant than their differences, which are incidental." Plaintiff repeats the following as evidence of substantial similarity: "they provide developmental services to children from birth to three years old, receive Medicare funding administered by DHS, and must abide by regulations promulgated…by DHS."

After reviewing Plaintiff's objections, the Court agrees with Judge Bryant that these DDTCS providers are not similarly situated to Plaintiff. To prevail on an equal protection claim, a Plaintiff has the burden of proving that disparately treated white providers were "similarly situated in all relevant respects." *Harvey v. Anheuser-Busch, Inc*., 38 F.3d 968, 972 (8th Cir. 1994). While there may be some similarities between Plaintiff and these DDTCS providers, their substantial dissimilarities in services offered, corporate structure, and specific regulatory requirements preclude a finding of substantial similarity. For these reasons, the Court overrules Plaintiff's objections and adopts Judge Bryant's Report and Recommendation as to Plaintiff's equal protection claims.

**II. Defendants' objections to the denial of summary judgment on Plaintiff's procedural due process claims**

Judge Bryant recommends denying Defendant's Motion for Summary Judgement as to Plaintiff's procedural due process claims because issues of material fact remain. Defendants object that Judge Bryant did not discuss the threshold issue of whether Plaintiff's Complaint actually includes a procedural due process claim. Defendants argue that Plaintiff's procedural due process arguments were impermissibly raised for the first time in Plaintiff's response to Defendant's Motion for Summary Judgment. For this reason, Defendants contend that the merits of the procedural due process claim should not be considered by the Court.

Plaintiff makes the following substantive allegations against Defendants in its Complaint (ECF No. 1): (1) Plaintiff has been treated differently from other predominately white providers (Complaint, ¶ 16); (2) Defendants have favored Caucasian service providers for no legitimate reason (Complaint, ¶ 17); (3) Defendants encouraged Caucasians to establish competitive provider agencies and then favored those Caucasian providers (Complaint, ¶ 18); (4) Defendants removed an African-American program administrator for pre-textual, race-related reasons (Complaint, ¶ 19); (5) Defendants have denied Plaintiff the right to "nondiscriminantly enjoy the right to deliver... services" (Complaint, ¶ 20); (6) Defendants have withheld payments to Plaintiff in order to destroy Plaintiff's business and to shift provider services from African-American providers to Caucasian providers (Complaint, ¶ 21); and (7) Plaintiff was harmed by Defendants' "purposeful, intentional, and wrongful and racially motivated conduct." (Complaint, ¶ 22).

Plaintiff's Complaint makes one explicit reference to due process: "All plaintiffs invoke the equal protection and due process clauses of the 14th Amendment to the Constitution as having been

violated by defendants as a predicate basis for the relief they seek herein." (Complaint, ¶ 27). No delineation between substantive due process and procedural due process is made in the Complaint.[2]

In its response to Defendant's Motion for Summary Judgment, Plaintiff set forth the following facts in support of a procedural due process claim: (1) KidQuest did not receive any notice prior to 2007 that it was out of compliance with DHS regulations; (2) DHS established new rules while bypassing the lawful rulemaking process, thereby adversely affecting Plaintiff; and (3) DHS did not notify Plaintiff when complaints were made against them and did not notify Plaintiff when investigations were conducted as a result of those complaints. (ECF No. 33). Defendants argue that Plaintiff's procedural due process arguments were raised for the first time at the summary judgment stage and that these factual allegations do not support any claim contained in Plaintiff's Complaint. The Court agrees.

Federal Rule of Civil Procedure 8(a) provides that a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." "The essential function of notice pleading 'is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *N. States Power Co. v. Fed. Transit Admin.*, 358 F.3d 1050, 1056-57 (8th Cir. 2004) (quoting *Oglala Sioux Tribe of Indians v.*

---

[2]Procedural due process and substantive due process, while similar in name, are quite different in application. Procedural due process protects the right to be noticed and heard prior to the deprivation of a property interest by the state. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Substantive due process protects various fundamental liberty interests and guarantees "more than fair process." *County of Sacramento v. Lewis,* 523 U.S. 833, 840 (1998). Substantive due process disallows "certain government actions regardless of the fairness of the procedures used to implement them." *Id*. Each due process theory requires different elements of proof and different levels of wrongdoing. *Myers v. Scott Cnty*., 868 F.2d 1017, 1019 (8th Cir.1989) ("[T]he theory of substantive due process is properly reserved for truly egregious and extraordinary cases."); *Swipies v. Kofka*, 419 F.3d 709, 715 (8th Cir. 2005) (To make a procedural due process claim, a plaintiff must only show that he has a protected property interest and that he was deprived of this interest without the opportunity to be heard on the matter.).

*Andrus*, 603 F.2d 707, 714 (8th Cir. 1979)). Although "notice pleading" is a liberal pleading standard, claims consisting of bare legal conclusions do not satisfy Rule 8(a) requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Furthermore, this liberal pleading standard "does not require that, at the judgment stage, defendants must infer all possible claims that could arise out of facts set forth in the complaint." *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). If a plaintiff has failed to properly set forth a particular claim in their complaint, they are "not entitle[d]...to manufacture claims, which were not pled, late into the litigation for the purpose of avoiding summary judgment." *N. States Power Co.,* 350 F.3d at 1057.

The question in this case is whether Plaintiff's Complaint contains a properly pled procedural due process claim. Procedural due process "insures every individual subject to a deprivation 'the opportunity to be heard at a meaningful time and in a meaningful manner.'" *Swipies v. Kofka*, 419 F.3d 709, 715 (8th Cir. 2005) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). In its Complaint, Plaintiff does not mention any lack of notice or opportunity to be heard regarding the complaints made against them or the rules enforced against them. Plaintiff's Complaint exclusively references disparate treatment of African-American service providers as compared to Caucasian service providers. Even when discussing the allegations of disparate treatment, Plaintiff does not allude to a lack of complaint notifications, a lack of investigation notifications, or a general lack of procedural due process in the termination of any funding. While Plaintiff does make one general reference to "due process" toward the end of its Complaint, specific references or facts relating to lack of notice or deprivation of process first appeared in Plaintiff's response to Defendants' Motion for Summary Judgment. Simply including the words "due process" in a complaint, with no factual

5

allegations to support a procedural due process claim, does not satisfy Rule 8(a) pleading requirements and does not give an opposing party meaningful notice of the basis for a procedural due process claim. That Plaintiff has now come forward during the summary judgment phase of litigation with allegations to support a procedural due process claim does not cure the deficiency in Plaintiff's Complaint.

Plaintiff's insufficient pleading of procedural due process violations is further illustrated by the fact that this Court, upon reviewing Plaintiff's Complaint in deciding Defendant's Motion to Dismiss, did not single out any of Plaintiff's claims as implicating deficient notice or the lack of opportunity to be heard. (ECF No. 15-16). Furthermore, Defendants' brief in support of their summary judgment motion spends considerable time addressing Plaintiff's "due process" claim as implicating *substantive* due process, again indicating the lack of procedural due process allegations in Plaintiff's Complaint.[3] Plaintiff cannot be allowed to capitalize on vaguely worded pleadings by inserting claims and allegations during the summary judgment phase that have not been properly pleaded in the Complaint.

Because Plaintiff's Complaint only generally referenced a claim for "due process" and contained no allegations of deficient notice or lack of opportunity to be heard on a matter, the Court finds that Plaintiff's Complaint does not contain a claim for violation of procedural due process. For

---

[3]Inferring a claim for substantive due process was a fair reading of Plaintiff's Complaint by Defendants. The Complaint alleges that the actions and decisions made by Defendants were arbitrary, wrongful, intentional, and motivated by race and that Defendants have deprived Plaintiff of its right to deliver services as provided by law. While Plaintiff's Complaint only generally referred to "due process" violations, these allegations are consistent with what must be shown in order to establish a substantive due process claim. *Novotny*, 664 F.3d at 1178 ("To prevail on a substantive due process claim...[a plaintiff] must show a constitutionally protected property interest and that...officials used their power in such an arbitrary and oppressive way that it shocks the conscience.") (internal quotations omitted).

this reason, the Court will not address the merits of the procedural due process arguments raised in Plaintiff's response to Defendants' Motion for Summary Judgment. Accordingly, the Court declines to adopt Judge Bryant's recommendation regarding Plaintiff's alleged due process claims. Defendants' Motion for Summary Judgment as to any existing substantive due process claims made by Plaintiff will be granted.[4]

## CONCLUSION

For the reasons stated herein and above, as well as those contained in Judge Bryant's Report and Recommendation (ECF No. 38), Defendants' Motion for Summary Judgment (ECF No. 26) should be and hereby is **GRANTED**. Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**. A judgment of even date, consistent with this opinion, shall issue.

**IT IS SO ORDERED**, this 27th day of September, 2012.

                                                      /s/ Susan O. Hickey
                                                      Hon. Susan O. Hickey
                                                      United States District Judge

---

[4] Defendants moved for summary judgment on what they viewed as a substantive due process claim made by Plaintiff. However, the Court need not consider whether Plaintiff's Complaint sets forth a substantive due process claim that should survive summary judgment. Plaintiff effectively abandoned any substantive due process claim when it argued in its brief in opposition to summary judgment that it was pursuing a procedural due process claim rather than a substantive due process claim. In sum, Plaintiff did not attempt to respond to Defendant's argument that Plaintiff's substantive due process claim fails as a matter of law. (ECF No. 33, pp. 6).