IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KIDSQUEST, INC.                                                                                    PLAINTIFF

V.                                         CASE NO. 10-CV-1063

JOHN SELIG, in his official capacity as Director
of the Arkansas Department of Human Services; and
DR. JAMES GREEN, in his Official Capacity as
Director of the Division of Developmental Disabilities
of the Arkansas Department of Human Services                                    DEFENDANTS

# ORDER

Before the Court is Plaintiff's Motion to Alter or Amend Judgment and for Relief from Judgment. (ECF No. 43). Plaintiff requests that the Court reconsider its order that dismissed Plaintiff's due process claims. (ECF No. 42). Defendants have responded to the motions. (ECF No. 45). The motion is ripe for the Court's consideration.

"'Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246 (7th Cir. 1987)); *see* Fed R. Civ. P. 59(e). Fed. R. Civ. P. 59(e) "permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. V. Baker*, 554 U.S. 471, 485 n. 5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008) (quoting 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810.1, pp. 127-28 (2d ed. 1995)).

After reviewing the motion, it is clear that Plaintiff simply disagrees with the court's ruling. The Court cannot find that failing to grant the Rule 59(e) motion would result in manifest injustice to Plaintiff. Under such circumstances, relief under Rule 59(e) is unwarranted. Accordingly,

Plaintiff's Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) is **DENIED**.

As with Fed. R. Civ. P. Rule 59(e), relief under Fed. R. Civ. P. 60(b) is not available for mere disagreement with the court's decision. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). It is also not a mechanism for reconsideration of issues of law previously rejected by the court. *Sanders v. Clemco Industries*, 862 F.2d 161, 170 (8th Cir. 1988). Here, Plaintiff asks the Court to reconsider the legal issue of whether Plaintiff stated a procedural due process claim in its complaint. Because this issue was already addressed in an earlier ruling, Plaintiff's motion is not authorized by Rule 60(b). Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. v. Young*, 806 F.2d 805, 806 (8th Cir. 1986). No exceptional circumstances have been shown in this case to justify relief under Rule 60. Accordingly, Plaintiff's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b) is **DENIED.**

**IT IS SO ORDERED**, this 7th day of August, 2013.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge